UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAROLD LANG,

               Plaintiff,

vs.                         Case No.  2:09-cv-00447-JES-29DNF

ALBIN MARINE, INC., and
FRED PETERS, individually,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Albin Marine, Inc. and Fred Peters Motion to Dismiss Plaintiff's Complaint (Doc. #29) filed on February 23, 2010.  Plaintiff filed a Response (Doc. #32) on March 23, 2010.  With the permission of the Court (Doc. #36), Defendants filed a Reply (Doc. #37) on April 6, 2010.

**I.**

Plaintiff Harold Lang (plaintiff or Lang) filed a five-count Complaint (Doc. #1) in connection with the purchase of a yacht.  A default judgment (Doc. #18) was entered as to defendants Robert Christopher Marine Group, Inc. and Robert Milano.  Only Count III, alleging a breach of an oral contract, relates to the remaining defendants, Albin Marine, Inc. (Albin Marine) and Fred Peters (Peters).  These defendants seek to dismiss the Complaint for lack

of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.  Because the Court will dismiss the case based upon the lack of sufficient allegations of personal jurisdiction in the Complaint, the other two issues need not be addressed.

## II.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Mazer, 556 F.3d at 1274.  A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict.  Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997).  In this case, plaintiff has failed to allege sufficient facts in the Complaint to make out a prima facie case for personal jurisdiction against either of the remaining defendants, and therefore the burden-shifting analysis which would otherwise follow, Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000), need not be discussed.

Plaintiff asserts that the following provisions of the Florida long-arm statute are relevant to personal jurisdiction over these defendants (Doc. #32, p. 4):

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of the following acts:
.....

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: 1. The defendant was engaged in solicitation or service activities within this state; or 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

.....

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(1)(f)-(g); Fla. Stat. § 48.193(2).

To establish specific jurisdiction under Florida Statutes § 48.193(1)(f), plaintiff must allege that the non-resident defendant caused injury to persons or property within Florida from a place outside of Florida. The "injury" cannot, however, be a mere

economic injury.  <u>Aetna Life and Cas. Co. v. Therm-O-Disc, Inc.</u>, 511 So. 2d 992, 994 (Fla. 1987); <u>see also</u> <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1318 (11th Cir. 2006); <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 629 (11th Cir. 1996)("[M]ere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)."); <u>Sun Bank, N.S. v. E.F. Hutton & Co., Inc.</u>, 926 F.2d 1030, 1033 (11th Cir. 1991).  Here, economic injury is all that is alleged in the Complaint.  The Complaint states that Peters, individually and on behalf of Albin Marine, orally guaranteed the return of plaintiff's $90,000.00 deposit if the yacht was not delivered as per the contract.  (Doc. #1, ¶ 11.) Thus, plaintiff cannot establish personal jurisdiction under section 48.193(1)(f).

Plaintiff also argues that the Court has jurisdiction over defendants under § 48.193(1)(g).  This section allows the Court to exercise specific jurisdiction when a nonresident defendant breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.  Fla. Stat. § 48.193(1)(g).  The Complaint fails to allege sufficient facts to support a prima facie case of jurisdiction based on this section of the long-arm statute.  The sole count asserted against defendants alleges:

> Defendant FRED PETERS, individually and on behalf of
> ALBIN MARINE, INC., orally guaranteed ROBERT CHRISTOPHER

> MARINE GROUP, INC. D/b/a ROBERT CHRISTOPHER YACHT SALES's
> performance under the contract with plaintiff.  During a
> telephone conversation with plaintiff's agent, Allen
> Cohen, defendant FRED PETERS, individually and on behalf
> of ALBIN MARINE, INC., orally guaranteed the return of
> plaintiff's deposit if the yacht was not delivered as per
> the contract.

(Doc. #1, ¶ 11.)  These allegations do not state that the deposit was to be returned in Florida, and the written contract did not specify payment in Florida.  Even if the verbal contract required return of the deposit in Florida, and the written contract required delivery of the yacht in Florida, it is doubtful due process would be satisfied without additional contacts with Florida.  See, e.g., Creekpath Sys., Inc. v. Rabrob Corp., 874 So. 2d 686 (Fla. 4th DCA 2004)(assuming applicability of § 48.193(1)(g) but rejecting claim of jurisdiction because a nonresident's mere failure to pay money in Florida is insufficient to confer jurisdiction); Ganiko v. Ganiko, 826 So. 2d 391, 395 (Fla. 1st DCA 2002)(holding that nonresident defendant's failure to make payment in state, as agreed, was sufficient to bring action within ambit of § 48.193(1)(g), but without more, did not provide minimum contacts to satisfy due process requirements); Holton v. Prosperity Bank of St. Augustine, 602 So. 2d 659, 662 (Fla. 5th DCA 1992)(finding § 48.193(1)(g) applicable but rejecting jurisdiction because a guarantor's mere obligation to honor a payment obligation for another, even if that obligation is required to be made in Florida, is not a substantial activity to subject the nonresident guarantor

to the jurisdiction of a Florida court"); <u>Herman v. Sunset</u>
<u>Commercial Bank</u>, 481 So. 2d 98 (Fla. 3d DCA 1986)(same).

Additionally, plaintiff asserts general jurisdiction has been
established pursuant to Florida Statutes § 48.193(2). This section
provides personal jurisdiction over a defendant who is engaged in
substantial and not isolated activity within Florida whether or not
the claim arises from that activity. "The reach of this provision
extends to the limits on personal jurisdiction imposed by the Due
Process Clause of the Fourteenth Amendment." <u>Fraser v. Smith</u>, 594
F.3d 842, 846 (11th Cir. 2010), citing <u>Woods v. Nova Cos. Belize</u>,
739 So. 2d 617, 620 (Fla. 4th DCA 1999). This requires defendant's
contacts with Florida to be "continuous and systematic." <u>Fraser</u>,
594 F.3d at 846; <u>Mazer</u>, 556 F.3d at 1275 n. 16.

Plaintiff relies on matters not pled in the Complaint and
which do not indicate activity prior to the date of the contract in
this case. Plaintiff has printed a portion of Albin Marine's
website on March 1, 2010, in which it lists two Florida yacht sales
companies as being dealers in Albin Marine vessels and sets out a
list of boat shows which includes two in Florida in 2009. The boat
shows listing does not mention Albin Marine's participation in the
shows, and in any event was for shows taking place the year
following the contract in this case. "Placing advertisements in a
newspaper is not a sufficient connection to the forum for in
personam jurisdiction," <u>Sherritt</u>, 216 F.3d at 1292, and there is

-6-

nothing alleged which shows  continuous or systematic advertising in Florida.  "A defendant does not confer general jurisdiction on the courts of Florida by occasionally soliciting business there." Fraser, 594 F.3d at 847, citing Price v. Point Marine, Inc., 610 So. 2d 1339, 1342 (Fla. 1st DCA 1992).  There is no allegation that either the advertizing or participation in the boat shows or the two dealerships on the east coast of Florida influenced plaintiff. See, e.g., Fraser, 594 F.3d at 848.

Finally, plaintiff relies on Florida Statutes § 48.181 (Doc. #32, p. 5), a Florida substitute service of process statute which provides:

> (3) Any person, firm, or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any person, firm, or corporation in this state is conclusively presumed to be both engaged in substantial and not isolated activities within this state and operating, conducting, engaging in, or carrying on a business or business venture in this state.

Fla. Stat. § 48.181(3).  Section 48.181(3) requires the plaintiff to allege and prove the defendants had a requisite degree of control over the jobber, broker, wholesaler or distributor which sold their products within the state of Florida.  Dinsmore v. Martin Blumenthal Assoc., Inc., 314 So. 2d 561, 566 (Fla. 1975); Rogers v. Firestone Tire and Rubber Co., 599 F. Supp. 676, 678 (S.D. Fla. 1984)(citing AB CTC v. Morejon, 324 So. 2d 625, (Fla. 1975)).  It is not clear from the allegations in the Complaint that

the sale took place within Florida, and plaintiff fails to allege that defendants had the requisite degree of control over the Broker.  Thus, based upon the allegations in the Complaint, § 48.181 cannot be utilized to acquire personal jurisdiction over defendants.

Accordingly, it is now

**ORDERED:**

1. Defendants Fred Peters and Albin Marine, Inc.'s Motion to Dismiss (Doc. #29) is **GRANTED** to the extent that the Complaint (Doc. #1) is dismissed without prejudice; the motion is otherwise **DENIED** as moot.

2. Plaintiff may file an amended complaint as to these defendants within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.  **The failure to file a timely Amended Complaint will result in the entry of judgment dismissing the Complaint without prejudice as to these defendants and the closure of the file.**

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of August, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record